**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

**Plaintiff**,

v.

EDGARDO DIAZ-CESTARY [1],
CALISH PAGAN-BIBILONI [2],
RAFAEL SANTIAGO-REYES [3],

**Defendants**.

**CRIMINAL NO.** 12-601 (FAB)

**MEMORANDUM AND ORDER**

Before the Court are briefs filed by defendants Edgardo Diaz-Cestary, Rafael Santiago-Reyes and the government regarding the issue of whether the United States Sentencing Guideline's two-point enhancement for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2, may be applied to defendants Santiago and Diaz. (Docket Nos. 157, 158, 162.) For the reasons that follow, the Court finds that the reckless-endangerment enhancement is inapplicable.

**BACKGROUND**

On December 12, 2012, defendants Santiago, Diaz and Calish Pagan-Bibiloni ("Pagan") pled guilty to one count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a) ("Count One"), and one count of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"). (Docket Nos. 67, 70, 73.)

Criminal No. 12-601 (FAB)                                               2

    The parties agreed, according to the relevant plea agreements, to recommend to the Court that each defendant be sentenced to 27 months for Count One and 66 months for Count Two.  See, e.g., Docket No. 61-1 at p. 6 (Diaz); Docket No. 63-1 at p. 6 (Santiago). This recommendation was based, in part, on application of the United States Sentencing Guidelines (the "Guidelines") to Count One.  The plea agreements called for a total offense level of 17 for each defendant:  starting with a base offense level of 20, pursuant to section 2B3.1(a), and subtracting 3 for the "acceptance of responsibility" reduction, pursuant to section 3E1.1.  With a Criminal Category of I, the Guideline's sentencing range was 24-30 months for Count One.  See, e.g., Docket No. 61-1 at p. 6 (Diaz); Docket No. 63-1 at p. 6 (Santiago).

    On May 3, 2013, the Court sentenced each defendant to 117 months for their participation in the armed robbery:  51 months for Count One and 66 months for Count Two.  See Docket Nos. 120, 122, 123.  During the sentencing hearings, the Court found a total offense level of 24, a calculation based upon a finding that defendants warranted a two-level enhancement for obstruction of justice, pursuant to section 3C1.1, as well as a two-level enhancement for reckless endangerment, pursuant to section 3C1.2. With a Criminal Category of I, the Guideline's sentencing range was 51 to 63 months for Count One.  See, e.g., Docket No. 150 at p. 17 (Diaz); Docket No. 151 at p. 11 (Santiago).

Defendants appealed their sentences.  See Docket Nos. 128 (Santiago), 129 (Diaz), 130 (Pagan).  Specifically, defendants Diaz and Santiago objected to the Court's finding that they warranted a two-level increase according for reckless endangerment during flight, pursuant to section 3C1.2.

On May 4, 2015, the First Circuit Court of Appeals affirmed defendant Pagan's sentence, but vacated the sentences of defendants Diaz and Santiago.  (Docket No. 155 at p. 2.)  The court of appeals found that while the record supported application of the Guideline's two-level enhancement for reckless endangerment during flight to defendant Pagan, the driver of the getaway car, it left unclear whether the enhancement may be applied to defendants Santiago and Diaz.  See id.  Specifically, the court of appeals questioned whether defendants Santiago and Diaz, who were passengers in the vehicle that fled the scene of the robbery, could be liable "without facts establishing they 'aided or abetted, counseled, commanded, induced, procured, or willfully caused' reckless endangerment during flight."  Id. (quoting U.S.S.G. § 3C1.2, cmt. n.5).  The court of appeals remanded the matter for further briefing and, if necessary, factfinding on the applicability of the section 3C1.2 enhancement.  Id.  Pursuant to the Court's order, (Docket No. 156), the parties subsequently filed briefs on the issue, (Docket Nos. 157, 158, 162).

**DISCUSSION**

Section 3C1.2 of the Sentencing Guidelines provides that "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer," then a two-level enhancement of the defendant's sentence is appropriate.  U.S.S.G. § 3C1.2. "Recklessness" requires that the defendant was "aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."  U.S.S.G. § 2A1.4, cmt. n.1.  The First Circuit Court of Appeals has noted that section 3C1.2 reflects the view that while "mere flight from arrest" is not sufficient for an adjustment, "flight plus endangerment" is enough.  See United States v. Carrero-Hernandez, 643 F.3d 344, 348 (1st Cir. 2011).

Defendants Santiago and Diaz first argue that the government fails to meet its burden of demonstrating that the vehicle in flight in a rural area "recklessly created a substantial risk to others."  (Docket No. 157 at pp. 2-3.)  Defendants maintain that the record reveals that the car "travel[ed] through a rural area[,] with no suggestion of other individuals present beyond the trailing police officer, who drew no closer than [fifteen] feet during the pursuit."  Id.  According to defendants, "[t]he government provided

Criminal No. 12-601 (FAB)                                             5

no evidence suggesting any collision course or chance of a collision." Id. at p. 3.

     As an initial matter, the court of appeals found that the record supported application of the reckless-endangerment guideline enhancement to defendant Pagan, the driver of the vehicle fleeing the scene of the robbery. (Docket No. 155 at p. 2.) The court of appeals thus did not question whether the defendants' vehicular flight constituted "reckless" endangerment. In any event, the federal case law is abundantly clear that a fleeing defendant's conduct need not be tantamount to a high-speed police chase to fall within the purview of section 3C1.2; far less egregious conduct suffices. See, e.g., Carrero-Hernandez, 643 F.3d at 349 (affirming section 3C1.2 enhancement where defendant led police on chase on small back roads in a heavily populated area during the early evening without stopping at intersections); United States v. Fernandez, 436 F. Supp. 2d 983, 985 (E.D. Wis. 2006) (imposing section 3C1.2 enhancement where defendant led the police on a 1.8-mile chase that "did not greatly exceed the posted speed limit," reached a dead end, and then "abandoned his vehicle, climbed an embankment and jumped into Lake Michigan").

     Here, the record reveals that the police pursued the fleeing defendants for approximately five minutes at speeds ranging from 60 to 70 miles per hour. (Docket No. 149 at pp. 21-22.) The record indicates that the chase took place in a rural area, see id., but

Criminal No. 12-601 (FAB)                                              6

leaves   unclear   whether   the   road   contained   other   cars   or

pedestrians.   Still, "[courts] do not interpret [section] 3C1.2 to

require  a  high  speed  chase  occur . . . in an urban area, or

that any other vehicles actually ended up in harm's way."  United

States v. Valdez, 146 F.3d 547, 554 (8th Cir. 1998); accord United

States v. Jimenez, 323 F.3d 320, 324 (5th Cir. 2003); United States

v. Williams, 254 F.3d 44, 47 (2d Cir. 2001).   The defendants'

conduct - speeding across hilly, curvy roads to evade arrest -

rises to the level of reckless endangerment even if the traversed

roads  were  incidentally  unoccupied  at  the  time.   See, e.g.,

Valdez, 146 F.3d at 554 (affirming section 3C1.2 enhancement and

rejecting defendants' argument that a police car chase in a rural

area on country roads containing no other vehicles or pedestrians

"falls short of recklessness," as the argument did not account for

"the risk to the officers involved"); United States v. Hicks, 948

F.2d 877, 884 (4th Cir. 1991) (affirming section 3C1.2 enhancement

where defendant "led officers on a high speed chase through a rural

area for three to four miles," although the record "[did] not

reveal the extent to which the roadway in question was traveled,"

because "the lives of the law enforcement officers in pursuit were

endangered, as were the lives of any unsuspecting motorists who may

have been driving about on that evening").

Defendants Santiago and Diaz next argue that the section 3C1.2

enhancement  is  unwarranted  because  the  record  lacks  evidence

Criminal No. 12-601 (FAB)                                          7

suggesting they "played a role in the pursuit beyond merely entering the getaway car."  (Docket No. 157 at pp. 3-6.)

In some cases, the reckless-endangerment enhancement may apply to someone other than the individual who had actually engaged in the endangering conduct.  The commentary to section 3C1.2 provides that "[a] defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused."  U.S.S.G. § 3C1.2, cmt. n.5. Federal case law instructs that "some form of direct or active participation" in the dangerous conduct is necessary to trigger the enhancement.  See, e.g., United States v. Ethridge, 519 F. App'x 828, 831 (4th Cir. 2013); United States v. Cespedes, 663 F.3d 685, 690 (3d Cir. 2011); United States v. Cook, 181 F.3d 1232, 1235 (11th Cir. 1999).  "Mere reasonable foreseeability of the reckless behavior at issue is not enough by itself to support a [section] 3C1.2 enhancement."  United States v. Conley, 131 F.3d 1387, 1390 (10th Cir. 1997).

Accordingly, applying the section 3C1.2 enhancement to a passenger based on the driver's reckless conduct requires "some form of direct or active participation" in the dangerous getaway by the passenger.  Cespedes, 663 F.3d at 690; United States v. McCrimon, No. 14-1929, 2015 WL 3498676, at *3 (2d Cir. June 4, 2015).  To apply the reckless-endangerment enhancement, "the district court must specifically find that the passenger 'was

responsible for or brought about the driver's conduct in some way,'
and it must explain why." United States v. Byrd, 689 F.3d 636, 640
(6th Cir. 2012) (quoting United States v. Young, 33 F.3d 31, 32-33
(9th Cir. 1994)); accord United States v. Johnson, 694 F.3d 1192,
1196 (11th Cir. 2012) (requiring district courts applying section
3C1.2 to "make a specific finding, based on the record before it,
that the defendant actively caused or procured the reckless
behavior at issue").   "The court can infer that the passenger
caused or encouraged the reckless driving based on conduct
occurring before, during, or after a high-speed chase." Byrd, 689
F.3d at 640.

        "Proof indicating only that conspirators collectively planned
a robbery that led to a high speed chase," however, "is inadequate
to qualify each passenger in the getaway vehicle for a
reckless-endangerment-during-flight enhancement."   Cespedes, 663
F.3d at 691.  Federal case law requires that the government provide
more than evidence that the endangering conduct was "reasonably
foreseeable." See, e.g., Johnson, 694 F.3d at 1196; Byrd, 689 F.3d
at 640 ("That a reckless getaway is a reasonably foreseeable
outcome of the underlying crime, however, is not enough by itself
to support [the section 3C1.2] enhancement.").

Criminal No. 12-601 (FAB)                                                9

As evidence of defendants' "direct or active participation" in the reckless getaway,[1] the government advances two arguments.  See Docket No. 162 at ¶¶ 19-20.   First, the government points to defendant Pagan's April 28, 2012, statement that on the morning of the robbery, defendants Santiago and Diaz approached him to tell him about a robbery they had planned and to seek his assistance, telling him that "the only thing [he] had to do was to stay in the car."  (Docket No. 162-1 at p. 2.)  According to the government, defendants' procurement of Pagan's assistance as a getaway driver demonstrates that "flight by vehicle to evade capture was one of the objectives of this premeditated robbery and affirmative steps were taken to achieve it."  (Docket No. 162 at ¶ 19.)  Second, the government points to defendant Santiago's July 30, 2012, statement that the motive of the robbery was to get "money to go to a hotel" with defendants' girlfriends.   (Docket No. 161-1 at p. 1.) According to the government, "this statement shows that a quick getaway and eluding capture was integral to the defendants' plan because they had a tryst planned with their girlfriends for that evening at a hotel."  (Docket No. 162 at ¶ 20.)  The Court finds neither argument persuasive.

---

[1] "The government, naturally, bears the burden of proving sentencing enhancements."  United States v. Jones, 740 F.3d 127, 142 (3d Cir. 2014), cert. denied, 134 S. Ct. 2319 (2014).  The standard of proof is preponderance of the evidence.  Id.

     To begin, the evidence that defendants solicited a driver
before the robbery is insufficient to warrant a reckless-
endangerment enhancement.  "Knowingly participating in an armed
robbery in which getaway vehicles are part of the plan is
insufficient as a matter of law, without more, to allow a district
court to impose this enhancement on individuals not directly
committing the acts amounting to reckless endangerment."  United
States v. Franklin, 321 F.3d 1231, 1237 (9th Cir. 2003).  The
procurement of a getaway driver evidences at most the need for a
quick escape.  But "[n]ot every escape escalates into reckless
endangerment during flight."  Young, 33 F.3d at 32-33.  The
government has pointed to no conduct by defendants - before or
during the chase - permitting an inference that defendants Santiago
and Diaz brought about defendant Pagan's dangerous driving.

     The evidence that defendants planned to visit a hotel with
their girlfriends after the robbery is even less compelling.
Nothing in the record suggests that defendants' planned "tryst" was
so time-sensitive as to necessitate the reckless escape at issue.
In other words, the fact that the defendants collectively aimed to
spend the money stolen during their morning robbery at some point
later in the day hardly establishes that defendants Santiago and
Diaz "actively caused or procured" defendant Pagan's recklessness
during the getaway.  See Johnson, 694 F.3d at 1197 (finding
evidence insufficient for enhancement, despite indication that

Criminal No. 12-601 (FAB)                                              11

robbery was "well planned," where court lacked information as to "whether the *getaway maneuver* was premeditated (and if it was, by whom)" (emphasis added)).

In sum, the evidence as to defendants Santiago and Diaz's involvement in the reckless getaway "lack[s] specificity as to what render[s] [them] responsible for [defendant Pagan's] reckless driving." See Cespedes, 663 F.3d at 691. Accordingly, the Court holds that the government fails to satisfy its burden of proving them subject to the section 3C1.2 enhancement.

## CONCLUSION

For the above reasons, the Court finds that the Sentencing Guideline's two-point enhancement for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2, is inapplicable to defendants Santiago and Diaz.

Re-sentencing for Diaz and Santiago will be scheduled.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 14, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE